ARB/mll                      16016-69118                      1401262

Drake Loeb PLLC
555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553
(845) 561-0550 telephone
(845) 561-1235 facsimile

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| IN RE: | Chapter 13 |
| SUSAN L. ACQUAFREDDA, | Case No.: 23-11064 (PB) |
| | Hon. Philip Bentley |
| Debtors. | |

-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF SECURED CREDITOR'S MOTION FOR AN ORDER VACATING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

                                                 Respectfully Submitted:

                                                 **Drake Loeb PLLC**
                                                 Attorneys for MMG Investments II, LLC
                                                 555 Hudson Valley Avenue, Suite 100
                                                 New Windsor, New York 12553
                                                 (845) 561-0550

OF COUNSEL:
Alana R. Bartley, Esq.

ARB/mll                              16016-69118                              1401262

**TABLE OF CONTENTS**

Table of Contents……………………………………………………………………………………2

Table of Authorities………………………………………………………………………………….3

Preliminary Statement…………………………………………………………………………….4

Argument

      Point I:      The Automatic Stay Should be Lifted to Allow the Secured Creditor to Foreclose upon the Debtor's Real Property…..…………………………...4

          A.      The Secured Creditor's Interest in the Property is Not Adequately Protected……………………………………………………………………..5

          B.      A Waiver of the Stay Under Bankruptcy Rule 4001(a)(3) is Warranted….6

Conclusion………………………………………………………………………………...….7

ARB/mll      16016-69118      1401262

## **TABLE OF AUTHORITIES**

<u>CASES</u>

<u>In re Davis</u>, 2024 WL 460483 (SDNY 2024)

<u>In re Davis</u>, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986)

<u>In re Frascatore</u>, 33 B.R. 687 (B. Ct. E.D. Pa. 1983)

<u>In re Hinchliffe</u>, 164 B.R. 45 (Bankr. E.D. Pa. 1994)

<u>In re Ocasio</u>, 97 B.R. 825 (Bankr. E.D. Pa. 1989)

<u>In re Schuessler</u>, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008)

<u>In re Taylor</u>, 151 B.R. 646 (E.D.N.Y. 1993)

<u>In re Zeoli</u>, 249 B.R. 61, 63 (Bankr. S.D.N.Y. 2000)

<u>STATUTES</u>

11 U.S.C. § 362

ARB/mll                              16016-69118                              1401262

## PRELIMINARY STATEMENT

MMG Investments II, LLC (the "Secured Creditor" or "MMG") respectfully submits this Memorandum of Law, the Affirmation of Alana R. Bartley, dated November 21, 2025, together with the exhibits annexed thereto, and the Relief From Stay Form Affidavits of Timothy P. Sheehan, Authorized Representative of MMG Investments II, LLC, sworn to November 17, 2025 ("Sheehan Aff."), in support of the Secured Creditor's Motion for an Order, *inter alia,* vacating the automatic stay, pursuant to 11 U.S.C. § 362(d).  The Secured Creditor respectfully requests that the Court grant its motion in its entirety.

## POINT I

## THE AUTOMATIC STAY SHOULD BE LIFTED TO ALLOW THE SECURED CREDITOR TO FORECLOSE UPON DEBTOR'S REAL PROPERTY

Relief from the automatic stay is governed by Section 362(d) of the Bankruptcy Code which provides, in relevant part:

> (d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d).  "Two threshold points should be made concerning these provisions.  First, Section 362(d) is mandatory, not permissive…Second, the grounds for relief from stay are presented in subsections (1), (2) and (3) in the disjunctive; thus, if any one of the subsections applies, the Court must grant a motion for relief from the automatic stay.  In re Zeoli, 249 B.R. 61, 63 (Bankr. S.D.N.Y. 2000).  The Debtor's failure to tender post-petition mortgage payments warrants vacating the automatic stay herein.

A.     *Secured Creditor's Interest in the Property is Not Adequately Protected*

It is well-settled that the failure to tender post-petition mortgage payments constitutes "cause" under Section 362(d)(1) to modify the automatic stay. In re Schuessler, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008) (noting that the failure to make mortgage payments constitutes "cause" for relief from the automatic stay and is one of the best examples of a "lack of adequate protection" under Section 362(d)(1) of the Bankruptcy Code); In re Ocasio, 97 B.R. 825 (Bankr. E.D.Pa. 1989) (failure of a Chapter 7 Debtor to tender payments to a secured creditor constituted cause for relief from the automatic stay); In re Taylor, 151 B.R. 646 (E.D.N.Y. 1993) (debtor's failure to make any mortgage payments after the confirmation hearing constitutes sufficient "cause" to lift the automatic stay); In re Davis, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986) (debtors' failure to make post-confirmation payments constitute cause for lifting the stay); In re Frascatore, 33 B.R. 687 (B. Ct. E.D Pa 1983) (foreclosure action permitted to continue where chapter 13 debtor only made two payments to the mortgagee after filing petition and defaulted thereafter); In re Hinchliffe, 164 B.R. 45 (Bankr. E.D.Pa. 1994) (failure to make any postpetition payments constituted cause for relief from the automatic stay and grounds to convert Chapter 11 case to Chapter 7).

As evidenced by the Certification of Creditor Regarding Post-Petition Payment History, since the filing of the Petition, no post-petition attempt to pay down the debt owed to the Secured Creditor has been made. Further, the Debtor has not made a payment since the Loan matured on January 15, 2011. (Sheehan Aff'd.) Such lack of payment thus constitutes cause under Section 362(d)(1) of the Bankruptcy Code. *See In re Davis*, 2024 WL 460483 (SDNY 2024) (longstanding lack of payment "constitutes cause under Section 362(d)(1)"); *In re O'Farrill*, 569 B.R. 586, 592 (Bankr. S.D.N.Y. 2017) (finding cause for stay relief under Section 362(d)(1) of

ARB/mll                             16016-69118                             1401262

the Bankruptcy Code because "the Debtor has consistently failed to make payments on the Consolidated Note, and has demonstrated no intention of making payments in the future").

Further, the Debtor has shown no intention of making future payments. Indeed, the Debtor's claimed monthly income is $3,592.00[1] (Docket 1, Schedule I), and her claimed monthly expenses are $3,292.00[2] (Docket 1, Schedule J). Therefore, the Debtor has declared only $300.00 in disposable income. On May 29, 2025, MMG filed a timely proof of claim for the Loan within the instant bankruptcy proceeding, in the amount of $210,719.50. (Claim No. 2-2). Therefore, there is no feasible way for the Debtor to satisfy the arrears over the life of a Plan, in violation of Bankruptcy Code § 1325(a)(5)(B)(ii).

Finally, the Debtor has not provided evidence of proof of insurance to MMG, who continues to force place insurance on the Property. (Sheehan Aff'd.) The Debtor also has not been paying real property taxes and it appears that $5,615.78 in real property taxes is due and owing on the Property. (Sheehan Aff'd.) Thus, under 11 U.S.C. § 362(g)(2) of the Bankruptcy Code, the burden shifts to the Debtor to show that the Creditor's interest is otherwise adequately protected. The Debtor cannot meet her burden. Indeed, since filing the instant Petition on April 5, 2025 (Docket 1), the Debtor has filed no Amended Chapter 13 Plan detailing how she intends to pay MMG's secured claim. Therefore, the stay must be lifted pursuant to 11 U.S.C. § 362(d)(1).

B.    *A Waiver of the Stay Under Bankruptcy Rule 4001(a)(3) is Warranted*

As set forth above, the property upon which the Secured Creditor holds secured claims is not adequately protected. As such, a waiver of the fourteen (14) day stay is warranted so that the Secured Creditor may pursue a foreclosure of the Property.

---

[1] Which includes $1,533.00 in social security income of her non-debtor spouse.
[2] It is noted that the expenses only include $160.00 per month in insurance, and include <u>no payment</u> for mortgage payments or real estate tax payments.

ARB/mll                                                   16016-69118                                                   1401262

## **CONCLUSION**

For the foregoing reasons, we respectfully request this Court grant the Secured Creditor's Motion for an Order (a) vacating the automatic stay, pursuant to 11 U.S.C. § 362(d), in its entirety.

Dated: New Windsor, New York
      November 21, 2025

                          /s/ Alana R. Bartley
                          Alana R. Bartley, Esq.
                          Drake Loeb PLLC
                          555 Hudson Valley Avenue, Suite 100
                          New Windsor, New York 12553
                          (845) 561-0550