BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
*Counsel for the Debtor*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

                                          Case No. 25-10661

SUSAN L. ACQUAFREDDA,              Chapter 11

                Debtor

---------------------------------------------------------

### DEBTOR'S OPPOSITION TO MOTION SEEKING AN ORDER UNDER 11 U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY

The above-captioned debtor (the "**Debtor**"), by her undersigned counsel, respectfully submits this objection (the "**Objection**") to the MMG Investments II,LLC ("**Movant**") for Relief from Stay (ECF No. 37) (the "**Motion**"). In support of this Objection, the Debtor respectfully states as follows:

### BACKGROUND AND FACTS

1. Susan L. Acquafredda ("**Debtor**") filed for Chapter 13 on July 5, 2023 (the "**Petition Date**").

2. The Debtor lives in the property known as 3100 Casler Place, Bronx, NY, (the "**Properties**").

3. The Affirmation of Movant's counsel in its Motion claims that Movant has a mortgage on the Property. The secured loan is not in fact a mortgage and no mortgage documents or note was attached to the Motion.

4.      The Debtor has proposed adequate protection payments and a lump sum payment to the Movant from the Debtor's retirement account. Additionally, the Debtor believes the value of the Property to be in excess of $500,000.

5.      The Debtor has now provided Movant's counsel with proof of insurance on the Property. Accordingly, the Movant's security interest is adequately protected.

6.      The Debtor has also requested Loss Mitigation to which the Movant has objected. However, the Debtor meets the requirements of the Program and should be granted the opportunity to participate in good faith. If unable to reach an agreement with Movant the Debtor may also pursue a sale of her home.

7.      The Debtor respectfully requests that the Court deny the Motion and grant such relief as this Court deems just and proper.

## MOVANT HAS NOT ESTABLISHED CAUSE TO MODIFY AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1)

The *Sonnax* factors are applied in the Second Circuit to determine if cause exists pursuant to 11 U.S.C. § 362(d) to lift or vacate the automatic stay. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). The Movant's motion fails to do an analysis of the application of the *Sonnax* factors. If the *Sonnax* factors are applied they would favor the stay remaining in place because the Debtor is engaging in this Court's loss mitigation program Therefore, most of the factors including the use of judicial resources and potential for resolution of the issues favor resolution of this matter in this Bankruptcy Court.

The Motion assumes based on the Debtor's income that the Debtor cannot make payments on its debt. However, the Debtor has a retirement account and may also get

help from family to make the payments to keep her home which is worth substantially more than the debt.  If the Debtor is unsuccessful in obtaining a loan modification through loss mitigation, she will file a chapter 11 plan to cure the amount of arrears on Movant's claim and the Debtor will continue to make the contractual monthly payment. There are no facts in Movant's motion that allege it will be irreparably harmed. Accordingly, the Movant's motion should be denied as it does not establish cause under the requirements of 11 U.S.C. § 362(d).

WHEREFORE, the Debtor respectfully requests that the Court deny the Motion, and grant such relief as this Court deems just and proper.

Dated: Harrison, NY
December 12, 2025,

**BRONSON LAW OFFICES, P.C.**

/s/ *H. Bruce Bronson*
H. Bruce Bronson, Esq.