Drake Loeb PLLC
555 Hudson Valley Avenue, Suite 100
New Windsor, NY 12553
Telephone: (845) 561-0550
Facsimile (845) 561-1235
Alana R. Bartley, Esq. (AB-0820)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

SUSAN L ACQUAFREDDA,                           Case No.: 25-10661-pb

                              Debtor.          Chapter 13


-----------------------------------------------------------X

## REPLY AFFIRMATION IN FURTHER SUPPORT OF SECURED CREDITOR'S MOTION FOR AN ORDER VACATING THE AUTOMATIC STAY, PURSUANT TO 11 U.S.C. § 362(d)

      Chapter 13 Creditor, MMG Investments II, LLC ("MMG"), by its attorneys, Drake Loeb PLLC, as and for its motion to vacate the automatic stay, pursuant to 11 U.S.C. § 362(d), respectfully represents and shows this Court as follows:

      1.    I am an attorney duly admitted to practice in the State of New York and before the United States District Court for the Southern District of New York. I am a partner of the law firm of Drake Loeb PLLC, attorneys for MMG. I am fully familiar with the facts and circumstances set forth herein.

      2.    This affirmation is submitted in response to the Debtor's opposition to MMG's motion for relief from the automatic stay.

      3.    Respectfully, the Debtor's opposition is riddled with inaccuracies, and fails to demonstrate that MMG's interest in the Property is adequately protected. As such, stay relief is warranted here.

4.  First, the Debtor inaccurately claims that she filed the instant Petition on "July 5, 2023." In fact, as set forth more fully in MMG's original moving papers, the Debtor filed the instant petition on April 5, 2025 (Docket 1) to stay a foreclosure sale of the Property that had been scheduled for April 28, 2025.

5.  Second, the Debtor argues that the "secured loan is not in fact a mortgage" and complains that "no mortgage documents or note was attached to the Motion." Respectfully, the Mortgage in this matter has been reduced to a Judgment of Foreclosure and Sale (which was attached to the Motion) (Docket 36-6 and 36-7) and, therefore, the Mortgage merges with the Judgment of Foreclosure and Sale pursuant to the doctrine of merger.

6.  The Debtor does not dispute, and therefore admits, that no payments have been made to MMG (or its predecessors in interest) since the Loan matured on January 15, 2011. *See* Sheehan Aff'd. Therefore, the Debtor has not made a payment on the Loan subject to the Judgment of Foreclosure and Sale in over <u>fourteen (14) years</u>.

7.  The Debtor further does not dispute, and therefore admits, that $5,615.78 in past due real property tax payments remain due and owing on the Property, dating back to the July 1, 2024 real property tax payment (Docket 36-8)

8.  Moreover, while Debtor has provided MMG with a paid receipt for insurance for the Property after the filing of this motion, there is no evidence that MMG has been listed on this insurance as a mortgagee/loss payee. (A true and accurate copy of the paid insurance receipt provided by the Debtor is annexed hereto as Exhibit "D".) Further, while the Debtor claims to reside in the Property, the insurance has her occupancy listed as "tenant/non-owner" and the property as "non-owner occupied".

Therefore, it is clear that MMG's interest in the Property remains unprotected to date despite the Debtor's specious arguments to the contrary.

9. The Debtor argues that this motion should be denied to allow her to participate in loss mitigation, and she proposes to make adequate protection payments to MMG in some undisclosed sum. However, within this proceeding, the Debtor's claimed monthly income is $3,592.00[1] (Docket 1, Schedule I), and her claimed monthly expenses are $3,292.00[2] (Docket 1, Schedule J). Therefore, pursuant to the Debtor's own sworn schedules, she only has approximately $300.00 in disposable income per month.[3] Therefore, it is clear that the Debtor cannot afford to make adequate protection payments and, indeed, she does not dispute that she has failed to do so since filing this proceeding in April of 2025.

10. Since filing this proceeding in April of 2025, the Debtor has also failed to file a confirmable plan to date. Indeed, the Debtor's current Chapter 13 Plan does not adequately provide for the satisfaction of MMG's arrears (which total $210,719.50) (Claim 2-2) and, upon information and belief, there is no feasible way for the Debtor to satisfy the arrears over the life of the Plan in violation of Bankruptcy Code § 1325(a)(5)(B)(ii).

11. Despite having eight (8) months to do so, the Debtor now claims that she will file a new plan to "cure the amount of arrears" and "will continue to make the contractual monthly payment." However, this Loan <u>matured</u> on June 15, 2011 and the entire amount of the debt has been due and owing since that date. The Debtor has had

---

[1] Which includes $1,533.00 in social security income of her non-debtor spouse.
[2] It is noted that the expenses only include $160.00 per month in insurance (which, per the paid receipt provided by the Debtor is ½ of what she actually pays), and include <u>no payment</u> for mortgage payments or real estate tax payments.
[3] Again, the Debtor's actual insurance payment is $301.00 per month vs. the $160.00 she disclosed on her schedule, so her actual disposable income is overstated by $139.00 per month and is actually only $161.00 per month.

fourteen (14) years find a way to pay this claim and has failed to do so. The Debtor's bankruptcy has been ongoing for eight (8) months, and we are still in the same position as when her case was filed. Aside from general, unsupported assertions made by the Debtor's counsel (and not the Debtor herself), the Debtor has wholly failed to meet its burden to demonstrate MMG is adequately protected, and this motion should be granted in its entirety.

WHEREFORE, Secured Creditor respectfully requests that this Court grant Secured Creditor's Motion to Vacate the Automatic Stay, pursuant to 11 U.S.C. § 362(d), in its entirety, or such other relief as the Court deems fit.

Dated: December 15, 2025
    New Windsor, New York

                        DRAKE LOEB PLLC

By:   /s/ Alana R. Bartley
      ALANA R. BARTLEY, ESQ. (AB-0820)
      *Attorneys for MMG Investments II, LLC*
      555 Hudson Valley Avenue, Suite 100
      New Windsor, New York 12553
      Tel. No.: 845-561-0550

Drake Loeb PLLC
555 Hudson Valley Avenue, Suite 100
New Windsor, NY 12553
Telephone: (845) 561-0550
Facsimile (845) 561-1235
Alana R. Bartley, Esq. (AB-0820)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:  **CERTIFICATE OF SERVICE**

SUSAN L ACQUAFREDDA,  Case No.: 25-10661-pb

                    Debtor.       Chapter 13

-------------------------------------------------------------X

    I, ALANA R. BARTLEY, being duly sworn, deposes and says:

1. I am not a party to this action, am over 18 years of age, and reside at Cornwall, New York 12518.

2. I hereby certify that on December 15, 2025, I served a true copy of the Reply Affirmation in Further Support of Motion for Relief from Stay in the following manner:

By e-filing same with the United States Bankruptcy Court, Southern District of New York and by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the address of the addressee(s) as indicated below:

TO:    Susan L Acquafredda
          3100 Casler Place
          Bronx, NY 10465

          H. Bruce Bronson, Jr.
          Bronson Law Offices, P.C.
          480 Mamaroneck Avenue
          Harrison, NY 10528-0023

Thomas C. Frost
Chapter 13 Standing Trustee
399 Knollwood Road, Suite 102
White Plains, NY 10603

United States Trustee
Office of the United States Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408

Margolin, Weinreb & Nierer, LLP
Andrew Goldberg, Esq.
Attorneys for Avail 1 REO LLC
575 Underhill Boulevard, Suite 224
Syosset, New York 11791

New York City Dept of Finance
Office of Legal Affairs
Collections Unit-RPT Taxes
375 Pearl Street, 30th Floor
New York, NY 10038

Bank of America, N.A.
PO Box 673033
Dallas, TX 75267-3033

                                          /s/ Alana R. Bartley
                                          ALANA R. BARTLEY, ESQ.